STATE OF ALABAMA *v.* WOLFFE

*(Circuit Court, M. D. Alabama. 1883.)*

1. REMOVAL OF CAUSE—SUIT BY STATE AGAINST A CITIZEN OF ANOTHER STATE—
ACT OF MARCH 3, 1875.
   A suit instituted by a state in one of its own courts against a citizen of another state is not removable on the ground of a diversity of citizenship of the parties.

2. SAME—FOURTEENTH AMENDMENT—EQUAL PROTECTION OF THE LAWS.
   Such a suit is not a denial of the equal protection of the laws, within the meaning of the fourteenth amendment or Rev. St. § 641, and removal on that ground.

Motion to Remand to State Court.
*Sterling B. Toney* and *Samuel F. Rice,* for complainant.
*McCroy & Comer, Pugh & Merrill, H. R. Shorter,* and *David Cloplon,* for defendant.

BRUCE, J.   This suit was brought in the circuit court of the state of Alabama for the county of Montgomery, and it is claimed the case is one for removal to this court under the removal acts of congress in that behalf.   It is claimed, first, that the case is one for removal because it is a suit in which there is a controversy between citizens of different states, and within the terms of the act of March 3, 1875.   Is the suit, then, one in which there is a controversy between citizens of different states?   The proposition for the removal is that the plaintiff, the state of Alabama, is for the purposes of jurisdiction a citizen of the state of Alabama and the defendant, Frederick Wolffe, is alleged to be a citizen of the state of New York, and that, therefore, the controversy in the suit is between citizens of different states.   I do not stop to inquire whether there is anything absurd in the idea that citizenship, for the purposes of jurisdiction, may be imputed to a state of the federal Union, as it is imputed to private corporations organized under the laws of particular states; but the question demanding solution is, whether, within the meaning of section 2 of the removal act of congress, of March 3, 1875, a state of the federal Union can be held to be a citizen of itself, so that in a suit brought by such state against a citizen of another state, a case is made for removal by reason of there being in such suit a controversy between citizens of different states.

Section 2, art. 3, of the constitution of the United States provides:

" The judicial power shall extend to all cases in law and equity, arising under this constitution, the laws of the United States, and treaties made; * * * to controversies to which the United States shall be a party; to controversies between two or more states; between a state and citizens of another state; between citizens of different states; between citizens of the same state claiming lands under grants of different states; and between a state, or the citizens thereof, and foreign states, citizens, or subjects."

Here are different classes of cases to which the judicial power extends, and reference must be had to the acts of congress to determine what are the classes of cases which are made removable.   All cases to which the judicial power of the United States extends are not made removable, and congress has not yet gone to the extent of its power on this subject.   The judicial power extends, as we have seen, to controversies between a state and citizens of another state, which is the case at bar, but no act of congress provides in terms for the removal of this class of cases.   It may admit of doubt if congress could provide for the removal of this class of cases; for, in the subsequent portion of the section of the constitution, quoted *supra*, it is provided that in cases in which a state shall be a party, the supreme court shall have original jurisdiction.   However that may be, the point here is that the act of March 3, 1875, does not provide for the removal of causes like the one at bar, unless it falls within the class described as controversies between citizens of different states, and the

question recurs, can a state be held to be a citizen of itself, for the purpose of jurisdiction, within the meaning of the act of March 3, 1875? The language of the constitution which we have quoted certainly indicates that a state is a different thing from a citizen of a state; and that when the words "citizens of different states" are used, it certainly was not intended to include in that class suits in which a state is a party. Controversies between two or more states are mentioned; controversies between a state and citizens of another state are mentioned; also controversies between a state, or the citizens thereof, and foreign states, citizens, or subjects. Now, why mention states in this manner if it be correct that they are included in the classification of citizens of different states? Why provide that the judicial power of the United States extends to controversies between a state and citizens of another state, if it be correct that this class of cases is included in the designation or classification of citizens of different states? The act of March 3, 1875, provides for the removal of suits in which there is a controversy between citizens of different states, using the very terms and language of the constitution, but does not provide, in terms at least, for the removal of cases between a state and citizens of another state. That class of suits, though mentioned in the constitution, is not mentioned in the acts for removal, and the conclusion seems inevitable that such suits were not intended to be made removable. The removal acts of congress are to be construed to carry out the purpose for which they were enacted, but I think a cause must appear clearly to be within the acts upon this subject, and removals of causes from state courts to the federal courts must not be left to construction or implication; at least, a case for removal must be clearly made out.

There is in the case at bar no federal question arising; it is a suit by attachment in *assumpsit* upon the common counts,—a mere question of indebtedness, and no question of construction of the constitution or laws of the United States is involved; and, in this respect, the case differs from the case of *Railroad Co.* v. *Mississippi*, 102 U. S. 141, cited by the counsel for the defendant, for in that case the subject-matter or questions involved in the controversy was the proper construction of an act of congress, which made a case for removal without reference to the citizenship of the parties, as will be seen from an examination of the opinion of the court. The conclusion is that this suit is not one for removal on the ground that it is a controversy between citizens of different states.

But there is in the record another petition for removal by the defendant, which is based upon another ground, and is claimed under section 641 of the Revised Statutes of the United States, which provides:

"When any civil suit or criminal prosecution is commenced in any state court, for any cause whatsoever, against any person who is denied or cannot enforce in the judicial tribunals of the state, or in the part of the state where

such suit or prosecution is pending, any right secured to him by any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States, * * * such suit or prosecution may, upon the petition of such defendant, filed in said state court at any time before the trial or final hearing of the cause, stating the facts and verified by oath, be removed for trial."

The case at bar is a suit commenced in a state court by the state of Alabama against Frederick Wolffe; and in order that it shall come within the provisions of the statute quoted, it must appear from the petition for removal and the record in the cause that the defendant, Frederick Wolffe, is denied, or cannot enforce in the judicial tribunals of the state, or in the part of the state where the suit is pending, *some right secured* to him by some law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction of the United States. The claim is that defendant, Wolffe, is denied, and cannot enforce in the judicial tribunals of the state, rights secured to him by the fourteenth amendment to the constitution of the United States, which provides, among other things:

" No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

To be more specific, the defendant claims that in this case he is denied due process of law, and denied the equal protection of the laws; and, as defendant's counsel state it, there can be no equality of position before the courts of the state as between plaintiff and defendant. But what is meant by equality of position? There may be, and in some sense no doubt often is, a want of equality of position in parties to suits in the courts. Wealth, social and political position, make differences between parties, and give one an advantage over the other; but that is, of course, not what is referred to in the fourteenth amendment, and in section 641 of the Revised Statutes of the United States. Is it a fact that a state (a sovereign state, if you please) is a party plaintiff in a suit against a party defendant, and does that fact create such inequality of position as that the defendant can be said to be denied the equal protection of the law? Attention is called to the fact that under its constitution the state of Alabama may not be made a defendant in a suit; but does that make a case of the denial to a defendant in a suit, where the state is plaintiff, of the equal protection of the laws?

Article 11 of the constitution of the United States provides:

" The judicial power of the United States shall not be construed to extend to any suit at law or equity commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."

But it cannot be maintained that this provision of the constitution involves any denial to any person of the equal protection of the law as contemplated in the fourteenth amendment of the same constitu-

tion. Does it follow that in such a suit there would be necessarily any denial to the defendant of the equal protection of the laws? or is not rather the presumption that equal justice would be done, no matter who is plaintiff and who is defendant? But it is claimed that section 2902, Code Ala., which provides "that the state of Alabama may sue in its own name and is entitled to all the remedies provided for the enforcement of rights between individuals without giving bond or security or causing affidavit to be made, though the same may be required if the action were between private citizens," puts the plaintiff in a position of inequality and advantage over the defendant, and that in a suit by attachment such as the one at bar the defendant is denied the equal protection of the laws. But in such suit the defendant is not denied the equal protection of the laws, any more than are all other defendants in like suits. The state may sue and attach property without bond and affidavit such as is required between private parties, and this applies to all parties against whom suit may be brought by the state. There is in this no discrimination against any particular class of parties defendant; all are alike subject to be sued and their property attached without bond or affidavit, such as required between private parties. If the law should provide that this applied to citizens of New York or other states, or to colored citizens, or to Chinese, or some particular class of persons, then it might be said that it was a denial on the part of the legislature, to such class discriminated against, of the equal protection of the laws; and it is discrimination of this kind, either by the legislative branch of the government or by the judicial branch of the government of any state, that the fourteenth amendment was intended to prevent.

- In the recent *Civil Rights Cases*, [3 Sup. Ct. Rep. 18,] the supreme court of the United States, by Justice BRADLEY, says, in exposition of the fourteenth amendment:

"It is state action of a particular character that is prohibited. * * * It nullifies and makes void all state legislation and state action of every kind which impairs the privileges and immunities of citizens of the United States, or which injures them in life, liberty, or property without due process of law, or denies to any of them the equal protection of the laws."

I quite agree with the counsel for the defendant on the proposition that the fourteenth amendment of the constitution of the United States is not to be limited to the colored citizens alone, and that no such limitation is to be placed upon section 641 of the Revised Statutes of the United States. It is no defect in this application for removal that the petitioner is not shown to be a colored man, but the defect is that the case made does not show that the defendant, Wolffe, is denied due process of law or the equal protection of the laws. The laws complained of are alike applicable to all defendants, of all classes of citizens, and there is in the laws of the state of Alabama on this subject, or in their administration by the judiciary of the state, so far as shown, no discrimination against any class, color,

or condition of citizens. In support of this view of the subject I cite the *County of San Mateo* v. *Southern Pac. R. R.* 8 Amer. & Eng. Ry. Cas. 17, 18; [S. C. 13 Fed. Rep. 145, 722.]

Much is said in the brief of the counsel for the defendant on this point of the inequality of the contest between a sovereign state and a citizen, and the law of the state may be a severe one; but this is aside from the real question, for though the law may be subject to the strictures made upon it, yet so long as it applies to all citizens alike, and does not discriminate against any class of persons, it cannot be said to deny the equal protection of the laws within the meaning of the fourteenth amendment to the constitution of the United States. But it is claimed that it does deny due process of law; though this is not insisted upon so much as the other proposition, that the defendant is denied the equal protection of the laws. It is true, as a general proposition, that when a state or a government becomes a party to a suit in its own courts, it stands upon the same footing with individuals, and must submit to the law as it is administered between man and man; but this proposition has its limitations, and by the common-law doctrines upon this subject the government may go into its own courts with all the legal remedies that one person may have against another, and is exempt from the necessity of giving bond and affidavit; and it would be impossible to hold that legislation to that effect on the part of a state is a denial to a defendant of due process of law.

On the question of what is due process of law see *Davidson* v. *New Orleans,* 96 U. S. 97.

The result of these views is that the case at bar is not one for removal, and the motion to remand to state court is granted.